W. Mark Jump, Esq.
Ohio Bar No.: 0062837
Jump Legal Group
2130 Arlington Avenue
Columbus, OH 43221

*Attorneys for Plaintiff Virginia Guiette*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Virginia Guiette, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Bank National Association,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**1. NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 Et Seq.**<br><br>**2. KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Virginia Guiette ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of U.S. Bank National Association ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

6.  Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391 because Defendant is subject to the Court's personal jurisdiction in Ohio. Defendant's principal place of business is in Cincinnati, OH.

## PARTIES

7.  Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Colorado. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8.  Defendant is, and at all times mentioned herein was, a corporation doing business in Ohio and is a "person," as defined by 47 U.S.C. § 153(39).

9.  Defendant has an executive office in Cincinnati, OH, and conducts business throughout the United States.

10. At all times relevant herein Defendant conducted business in the State of Ohio and within this judicial district.

## FACTUAL ALLEGATIONS

11. Between approximately August 2015 and April 2017, Defendant called Plaintiff on her cellular telephone number ending in 2133 via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

12. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

13. Defendant used an ATDS when it made the phone calls described above because multiple voicemail messages with pre-recorded or artificial voices were left on Plaintiff's phone.

14. Defendant used an ATDS when it made the phone calls described above because, among other things, Defendant is a major bank and financial servicer that services a large amount of consumer accounts and likely needs a "sophisticated phone system" capable of "storing phone numbers and dialing them automatically." *See*, *e.g.*, *Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937, 945 (C.D. Cal. 2015).

15. The ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. The ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

17. Defendant's placed calls to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. Plaintiff clearly revoked any type of prior express consent, if prior express consent ever existed, by stating over the phone that she no longer wished to be contacted by phone. Plaintiff made this request on multiple occasions, including during two separate phone calls on February 18, 2017.

19. Despite these clear and unmistakable requests to stop calling, the calls continued.

20. On or about March 20, 2017, Defendant again placed a call to Plaintiff using an ATDS. When Plaintiff asked whether her account reflected her previous requests for the calls to stop, the representative indicated that she saw the note in the file, but that Defendant does not pay attention to notes like that.

21. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

22. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with unwanted calls using an ATDS.

23. Defendant's call forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

24. Defendant's calls to Plaintiff's cellular telephone number were without Plaintiff's permission or consent.

25. The calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

26. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

27. Further, Defendant's violations also caused Plaintiff to suffer a real and concrete harm because when Defendant called Plaintiff, Plaintiff's time was wasted on phone calls with Defendant. Defendant also consumed and wasted Plaintiff's cellphone battery life. Plaintiff also suffered from frustration and annoyance, which the TCPA was enacted to prevent. *See*, *e.g.*, *Mey v. Got Warranty, Inc*., No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries,

regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

### CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

29. Plaintiff represents, and is a member of the Class, consisting of:

> All users or subscribers to a wireless or cellular service within the United States who used or subscribed to a phone number to which Defendant made or initiated one or more calls within four years of the filing of this complaint using any automated dialing technology or artificial or prerecorded voice technology, in connection with a mortgage or home equity loan.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS or an artificial or prerecorded voice, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduced cellular telephone time for which Plaintiff and the Class

members previously paid, and invading the privacy of Plaintiff and the Class members. Plaintiff and the Class members were thereby damaged.

32. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular telephone service;

    b) Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

    c) Whether Defendant's conduct was knowing and/or willful;

    d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e) Whether Defendant and/or its agent/s should be enjoined from engaging in such conduct in the future.

35. As a person that received at least one telephonic communication from Defendant's ATDS without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

36. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

37. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

38. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

39. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**CAUSES OF ACTION**

**COUNT I: NEGLIGENT VIOLATIONS OF THE TCPA**

**47 U.S.C. §§ 227 ET SEQ.**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**COUNT II: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

**47 U.S.C. §§ 227 ET SEQ.**

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request the Court grant Plaintiff and the Class members the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Provide such further relief against Defendant as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

**COUNT I: NEGLIGENT VIOLATIONS OF THE TCPA**

**47 U.S.C. §§ 227 ET SEQ.**

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

49. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

50. Any other relief the Court may deem just and proper.

**COUNT II: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

**47 U.S.C. §§ 227 ET SEQ.**

51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

52. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

53. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

54.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 12th day of February 2018.

Respectfully submitted,

**JUMP LEGAL GROUP**

By: /s/ W. Mark Jump

W. Mark Jump, Esq.

2130 Arlington Avenue

Columbus, OH 43221