IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| VIRGINIA GUIETTE, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Bank National Association,<br><br>Defendant. | Case No. 1:18-cv-00174-TSB |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**

The Court having held a Final Approval Hearing on August 7, 2019, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order: (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in Order of this dismissal and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Settlement Agreement dated August 7, 2018, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

1

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

**SETTLEMENT CLASS:** All users or subscribers to a wireless or cellular service within the United States who used or subscribed to a phone number to which U.S. Bank National Association ("U.S. Bank") made or initiated one or more Calls during the Class Period using any automated dialing technology or artificial or prerecorded voice technology, according to U.S. Bank's available records, and who are within Subclass One and/or Two, which are defined as follows:

**Subclass One** consists of persons who used or subscribed to a cellular phone number to which U.S. Bank made or initiated a Call or Calls in connection with a Residential Mortgage Loan.

**Subclass Two** consists of persons who used or subscribed to a cellular phone number to which U.S. Bank made or initiated a Call or Calls in connection with a Home Equity Loan.

3. The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Plaintiff and U.S. Bank.

4. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6. This Court hereby finds and concludes that the notice provided by U.S. Bank to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Settlement Agreement.

8. The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel.

9. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement in the Action.

10. Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of the Class Representative and each and every one of the Settlement Class Members to the protections afforded under

Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

11. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

12. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by U.S. Bank, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

13. If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the

Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

14. In the event that any provision of the Settlement or this Order is asserted by U.S. Bank as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

15. The Court adopts the percentage-of-the-fund approach as to attorneys' fees to Class Counsel and Orders attorneys' fees in the amount of 25% of the Settlement Fund—i.e. $667,584.00—to Class Counsel.

16. The Court Orders reimbursement of Class Counsel's costs of $11,074.20 to Class Counsel from the Settlement Fund.

17. The Court Orders a Service Award of $5,000.00 be paid to the named Plaintiff, Virginia Guiette, from the Settlement Fund.

18. The Court Orders payment of $362,164.84 from the Settlement Fund to Rust Consulting, Inc. for its claims administration of the Settlement.

19. After deducting Class Counsel attorneys' fees, Class Counsel costs, Plaintiff's service award, and Rust Consulting, Inc.'s claims administration costs, the Court Orders that each Class Member making a valid and timely claim is entitled to a *pro rata* share of the remaining Settlement Fund of $1,624,512.96—or approximately $84.15 for each of the 19,304 Class Members making a valid claim, inclusive of 46 class members making a late, but otherwise valid claim.

20. The Court Orders Habitat for Humanity shall be the *cy pres* beneficiary for any unclaimed funds, consistent with the Settlement Agreement.

21. Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

22. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

**IT IS SO ORDERED.**

Date: 8/8/2019                                            */s/ Timothy S. Black*
                                                          Timothy S. Black
                                                          United States District Judge